### (September 26, 1963)

■ A. COHEN & SONS CORP., Appellant, v. NATHANIEL RATNER et al., Defendants, and ANAP CORPORATION et al., Respondents. ANAP CORPORATION et al., Third-Party Plaintiffs, v. R. & R. CONSTRUCTION CORP. et al., Third-Party Defendants.— Order, entered on July 18, 1963, unanimously modified on the law and on the facts, and in the exercise of discretion, with $20 costs and disbursements to respondents, to provide that plaintiff's complaint be dismissed, with leave to plaintiff to serve an amended complaint within 20 days after service of copy of the order herein with notice of entry. The complaint, as a whole, is vague and indefinite, and the allegations are such that one is not able to ascertain whether or not the plaintiff is attempting to plead more than one cause of action. Under rule 3014 of the Civil Practice Law and Rules it is still the requirement that every "pleading shall consist of plain and concise statements", and that "Separate causes of action * * * shall be separately stated and numbered". If the plaintiff intends to plead only a single declaratory judgment cause, with a demand merely for incidental or consequential relief, there has been a failure to set forth, with reasonable clearness, the nature and the bases of the alleged controversies between the parties, claimed to be justiciable. (See 22 Carmody-Wait, Declaratory Judgments, §§ 29–32; *Garment Center Capital* v. *Rentner*, 77 N. Y. S. 2d 17.) Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ ALEXANDER VERY, Respondent, v. PAUL TUCCI, Appellant.— Order, entered on June 27, 1962, unanimously reversed on the law and the motion to strike the first affirmative defense as sham denied, without costs. It appears that there is an issue as to whether the bills received by plaintiff were authorized by defendant doctor or were sent out without his approval as a matter of hospital routine. If the latter, coupled with the absence of any payment, there would be a serious issue as to whether the services were performed "without receiving compensation" (General Municipal Law, § 50-d). If it be assumed that the original relationship was as a charity patient but that bills were sent pursuant to the permission given by section 585 of the New York City Charter, there is also a question as to whether or not this fact changes the original relationship and so obviates the necessity for notice. We do not pass on this question in the absence of the full development of the facts in regard to it. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ STUART G. BALLIN, Appellant, v. MARGARET S. BALLIN, Respondent.— Order, entered on February 19, 1963, denying plaintiff's motion to modify judgment of separation with respect to custody, unanimously affirmed, without costs and without prejudice to an application by defendant at Special Term for counsel fees. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ PIONEER MOUNTING & FINISHING Co., Appellant, v. SHELLEY GRAPHICS, LTD., et al., Respondents.— Order, entered on August 14, 1963, unanimously reversed on the law and the motion to vacate the warrant of attachment denied, without costs. We find that the papers on which the motion was granted are insufficient in that there was no clear averment of facts to support the contentions of the movant. In view of this disposition, it is not necessary to consider the motion addressed by respondent to the record, as the matter claimed to be incorporated improperly could and did have no bearing on the result. The motion is denied as academic. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.